IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. <u>3:07cr92-WKW</u> |
| | ) | |
| TRACY LEN KYLES | ) | |

**PLEA AGREEMENT**

DEFENSE COUNSEL:            CHRISTINE FREEMAN

ASSISTANT U.S. ATTORNEY:    KENT B. BRUNSON

**COUNT AND STATUTES CHARGED:**

Count One                21 USC 844(a)

**COUNT PLEADING PURSUANT TO PLEA AGREEMENT:**

Count One                21 USC 844(a)

**PENALTIES BY COUNT - MAXIMUM PENALTY:**

Count One                21 USC 844(a)
    Sentence - fine of a minimum of $1,000.00; not more than one year of imprisonment; not more than 3 years supervised release; and a Special Assessment of $25.00.

**ELEMENTS OF THE OFFENSE:**

Count One
    <u>21 U.S.C. § 844(a) Possession with intent to Distribute a Controlled Substance</u>
    First:    That the defendant knowingly and intentionally possessed cocaine base, and

    Second:   That the defendant possessed the cocaine base knowingly.

*****************************************************************

    Kent B. Brunson, United States Attorney and Christine Freeman, attorney for the defendant, pursuant to Rule 11(c)(1)(C), Federal Rules of Criminal Procedure, as Amended, have, with the

authorization of the undersigned defendant, heretofore entered into discussions with a view towards reaching a pretrial conclusion of the charge pending in the Information, and a Plea Agreement has been reached by said parties. The plea is being submitted to the Court pursuant to Federal Rules of Criminal Procedure Rule 11(c)(1)(C), and the parties understand that, if the terms of the Plea Agreement are not accepted by the Court, the defendant will be allowed to withdraw the defendant's plea of guilty and proceed to trial.

## GOVERNMENT'S PROVISIONS

1.  Upon entering a plea of guilty by the defendant to the Information, the attorney for the government will do the following:

    a.  The government will recommend that the defendant will pay a fine of a minimum of $1,000.00, serve 6 months custody of Bureau of Prisons, and pay the required $25.00 Assessment Fee.

    b.  The United States reserves the right to inform the Court and the Probation Department of all facts pertinent to the sentencing process, including all relevant information concerning the offenses and the defendant's background.

## DEFENDANT'S PROVISIONS

2.  The defendant agrees to the following:

    a.  To plead guilty to the Information.

    b.  To pay a fine of a minimum of $1,000.00.

    c.  That the recommended sentence in paragraph 1.a. is appropriate.

## DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK UNDER 28 U.S.C § 2255

Understanding that 18 U.S.C. § 3742 provides for appeal by a defendant of the sentence under certain circumstances, defendant expressly waives any and all rights conferred by 18 U.S.C. § 3742 to appeal the sentence on any other ground and waives the right to attack the sentence in any post-conviction proceeding. In addition, the defendant does waive the right to appeal or seek post-conviction relief under 28 U.S.C. § 2255 with respect to any claims that challenge the correctness of his sentence under the advisory sentencing guidelines or 18 U.S.C. § 3553(a). The defendant does not waive true ineffective assistance of counsel challenges that concern the validity of the plea or the waiver itself. The defendant does not waive a challenge of prosecutorial misconduct.

Further, the parties agree that nothing in this agreement shall affect the United States' right and/or duty to appeal as set forth in 18 U.S.C. § 3742(b). However, if the United States appeals on any basis defendant's sentence pursuant to 18 U.S.C. § 3742(b), defendant is released from this waiver.

## FACTUAL BASIS

The defendant admits the allegations charged in the Information and understands that the nature of the charge to which the plea is offered involves proof that from on or about the 30th day of December, 2006, in Lafayette, Alabama, within the Middle District of Alabama,

TRACY LEN KYLES,

knowingly and intentionally possessed cocaine base, commonly referred to as crack, a Schedule II Controlled Substance, in violation of Title 21, United States Code, Section 844(a).

3

## **DEFENDANT'S UNDERSTANDING AND ACKNOWLEDGMENT**

3. The defendant, before entering a plea of guilty to the Information as provided for herein by said Plea Agreement, advises the Court that:

 a. The discussions between the attorney for the government and the attorney for the defendant towards reaching an agreed plea in this case have taken place with the defendant's authorization and consent.

 b. Defendant acknowledges that a breach of this federal plea agreement, to include committing another federal, state, or local offense prior to sentencing on the pending charge, will not entitle him to withdraw his guilty plea in this case. Defendant understands and acknowledges that defendant's guilty plea will remain in full force and effect upon any breach of this agreement by the defendant. Defendant further understands that should he breach this agreement, this agreement will be null and void and he will be prosecuted for all offenses of which the government has knowledge. The parties agree that the Government will be the sole authority to decided whether Defendant has breached this Agreement.

 c. The defendant further understands that, pursuant to Title 18, United States Code, Section 3013, said $25.00 assessment fee is to be paid by the defendant on the date of sentencing. The defendant will make an honest, good faith effort to pay said fine as directed by the Financial Litigation Section of the United States Attorney's Office. The defendant further understands that by completing the financial statement, the defendant is representing that it is true and accurate to the best of the defendant's indictment, knowledge, and belief.

 d. The defendant understands that the defendant has a right to be represented by an attorney at every stage of the proceedings against the defendant herein and is represented by the

defendant's undersigned attorney.

    e.    The defendant understands that the defendant has the right to plead not guilty and has the right to be tried by a jury and, at a trial thereof, has the right to the assistance of counsel, the right to confront and cross-examine witnesses against the defendant, the right to call witnesses in the defendant's own behalf, and the right not to be compelled to incriminate the defendant, and that if the defendant enters a plea of guilty herein, there will not be a further trial of any kind and that by the entry of such a plea, the defendant waives the right to a trial by jury or to a trial before the Court.

    f.    The defendant further understands that in entering a plea of guilty herein, the Court may ask questions about the offense to which the plea is entered and further understands that if the defendant answers these questions under oath, on the record, and in the presence of counsel, which questions and answers would be recorded, that the answers may later be used against the defendant in a prosecution for perjury or false statement if the answers are not truthful.

    g.    The defendant further understands and advises the Court that the Plea Agreement as set forth herein and the plea to be entered by the defendant as a result thereof is voluntary on the defendant's part and is not the result of any force or threats or of any promises apart from the aforesaid Plea Agreement. The defendant further advises the Court that the Plea Agreement set forth herein is the result of prior discussions between the attorney for the government, the attorney for the State and the attorney for the defendant, all conducted with the defendant's authorization, knowledge, and consent.

    h.    The defendant further advises the Court that the defendant's understanding

of this Plea Agreement is as set forth in this document.

    i.    The defendant further advises the Court that it is understood that the government can only make a recommendation which is not binding on their respective Courts.

    j.    The defendant further advises the Court that the defendant understands and has been advised that evidence of a plea of guilty, later withdrawn or an offer to plead guilty to the crimes charged in the Information herein, or of statements made in connection with and relevant to said plea or offer to plead, shall not be admissible in any civil or criminal proceedings against the defendant. However, the defendant does understand that evidence of a statement made in connection with and relevant to a plea of guilty, later withdrawn, or an offer to plead guilty to the crimes charged in the Information herein, is admissible in a criminal proceeding for perjury or false statement when the statement was made by the defendant under oath, on the court record, and in the presence of counsel.

    k.    The defendant is satisfied that defense counsel has been competent and effective in representing defendant.

4.    The undersigned attorneys for the government and for the defendant represent to the court that the foregoing Plea Agreement is the agreement of the parties that has been reached pursuant to the Plea Agreement procedure provided for in Rule 11, Federal Rules of Criminal Procedure, as Amended. The attorney for the defendant further advises the Court that the defendant has been advised of the nature of the charges to which the foregoing described plea is to be offered, and that the defendant has been advised of the defendant's right to plead not guilty and to be tried by a jury on all issues herein; of the maximum possible penalty provided by law; that by the entering

of a plea of guilty as aforesaid, the defendant waives the right to be tried by a jury or by the Court, waives the right to confront and cross-examine witnesses against the defendant and the right not to be compelled to incriminate the defendant; and that if the defendant pleads guilty, there will not be a further trial of any kind. Further, the defendant has been advised that if the defendant pleads guilty, the Court may ask questions about the offense to which the defendant has pleaded and that if the plea is rejected or later withdrawn, that the answers to such questions may not be used against the defendant in a civil or criminal proceeding, but that the defendant's answers may later be used against the defendant in a prosecution for perjury or false statement if the answers are not truthful.

5.  The defendant understands that the United States Probation Office will prepare a presentence investigation report for the Court. The Probation Officer will consider the defendant's conduct related to the offense to which the plea is offered, as well as the defendant's criminal history. The offense level or criminal history category, as calculated by the Probation Officer and determined by the court, may differ from that projected by defendant's counsel or the United States Attorney.

This 21st day of February, 2008.

Respectfully submitted,

LEURA G. CANARY
UNITED STATES ATTORNEY

_____
Louis V. Franklin, Sr.
Chief - Criminal Division

_____
Kent B. Brunson
Assistant United States Attorney

I have read the foregoing Plea Agreement, understand the same, and the matters and facts set forth therein accurately and correctly state the representations that have been made to me and accurately set forth the conditions of the Plea Agreement that has been reached.

IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" PARAGRAPH ABOVE ARE TRUE AND CORRECT AND THAT I AM SATISFIED THAT I HAVE RECEIVED COMPETENT ADVICE AND REPRESENTATION FROM MY DEFENSE COUNSEL, CHRISTINE FREEMAN.

_____
Tracy Len Kyles
Defendant

2/22/08
_____
Date

_____
Christine Freeman
Attorney for Defendant

2/22/08
_____
Date